**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| VS. | **NO. 5: 09-CR-30 (HL)** |
| **DONALD HICKLIN, JR.,** | **VIOLATIONS:** Fraud Related |
| Defendant | |

# ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Ms. Catherine Michelle Leek of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Verda M. Colvin. Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the contents of the Pretrial Services Report dated June 24, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.

## PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

 ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

 ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated June 24, 2009, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant Hicklin and the safety of the community were he to be released from custody at this time. Defendant Hicklin is not a resident of the Middle District of Georgia and has no ties to this district. The offenses charged against him are serious felonies for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 51 months to 63 months to be served in prison.

Defendant Hicklin has a felony conviction record as follows: FELONY POSSESSION OF COCAINE, 1999, Superior Court, Charlotte, N.C.; FORGERY and related charges, 2005, Circuit Court of Henrico County, Virginia; UTTERING and related charges, 2005, Circuit Court of Henrico County, Virginia; FORGED PUBLIC RECORD (two cases), 2005, Circuit Court of Henrico County, Virginia; and, FRAUD, 2006, U. S. District Court, M.D. Florida.

At the time of the offenses charged in the indictment herein, defendant was on supervised release in the M.D. Florida Fraud case, jurisdiction having been transferred to the Western District of North Carolina on March 5, 2009.  A Petition for Action on Supervised Release has been filed in that district and a warrant filed as a detainer based upon state charges filed in Butts County, Georgia out of which the federal charges herein have been indicted and upon the allegation of unauthorized travel out of the Western District of North Carolina.

For the foregoing reasons, the undersigned finds that defendant Hicklin would pose a serious risk of flight and a danger to the community were he to be released from custody.  His pattern of continuing illegal conduct mandates pretrial detention.  IT IS SO ORDERED AND DIRECTED.

### PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 6th day of JULY, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE