IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 5:09-cr-30 (HL) |
| DONALD HICKLIN, JR., | : | |
| Defendant. | : | |
| _____ | : | |

# ORDER

Before the Court is Defendant's Unopposed Motion for Extension of Time to File Notice of Appeal (Doc. 109). The motion is granted.

The Court entered judgment against Defendant on January 25, 2010 (Doc. 103). Defendant did not file a notice of appeal within fourteen days of the court's entry of judgment. Defendant filed an unopposed motion for extension of time to file a notice of appeal on February 9, 2010 (Doc. 109). Defendant's motion was filed one day after his notice of appeal was due.

A failure to file during the original fourteen day period may be excused if the court determines the failure to file was caused by "excusable neglect or good cause." Fed. R. App. P 4(b)(4). Upon a finding of excusable neglect or good cause, the court may authorize an extension, but only for a period not to "exceed 30 days from the expiration of time otherwise prescribed this Rule 4(b)". Id. In addition to Rule 4(B)(4), the "unique circumstances doctrine" excuses failure to

file a notice of appeal within the thirty days where the failure is caused by the litigant's reasonable reliance on a judicial officer's specific assurance. United States v. Wright, 2005 WL 114078, at * 1 (11th Cir. May 16, 2005) (citing Jackson v. Crosby, 375 F.3d 1291, 1297 (11th Cir. 2004).

The Court believes that the unique circumstances doctrine applies to the particular facts of this case. Defendant's counsel spoke directly with the Court before she filed her motion. During the conversation, the Court expressly assured Defendant's counsel that the Court would grant the motion upon its filing. Counsel filed the motion immediately after speaking with the Court, but for reasons unclear to the Court, the motion was never brought to the Court's attention until March, 19, 2010.

Accordingly, the Court finds that Defendant has shown excusable neglect in failing to file his notice of appeal within the original time period authorized by Rule 4(b). Further, because of unique circumstances the Court finds that an extension of time beyond the thirty days is warranted. Defendant shall have until Friday, March 26, 2010 to file his notice of appeal.

**SO ORDERED**, this the 19th day of March, 2010.

                                     *s/  Hugh Lawson*
                                     **HUGH LAWSON, SENIOR JUDGE**

lmc